UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZRA JOHN ADAMS, Jr., CDCR #H-27409,<br><br>                        Plaintiff,<br><br>  vs.<br><br>MARY STABLES, Detective,<br><br>                       Defendant. | Case No.: 3:16-cv-03051-DMS-NLS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 13]**<br><br>**2) DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND U.S. MARSHAL SERVICE [ECF Nos. 24, 26]**<br><br>**AND**<br><br>**3) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

EZRA JOHN ADAMS, Jr. ("Plaintiff"), a state prisoner proceeding pro se, initially filed this civil action pursuant to 42 U.S.C. § 1983 in the Northern District of California in November 2016 (ECF No. 1).

Plaintiff's Complaint raises claims related to a 1988 arrest and subsequent criminal prosecution in San Diego Superior Court. The sole Defendant is alleged to be a Detective employed by the San Diego County Sheriff's Department. United States Magistrate Judge Nandor J. Vadas found the case was filed in an improper venue and transferred it to the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1406(a) (ECF No. 16). Judge Vadas did not rule on Plaintiff's pending Motion to Proceed In Forma Pauperis (ECF No. 13) prior to transfer. Nor did he conduct a preliminary screening of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

Plaintiff has since filed a Motion for Appointment of Counsel (ECF No. 26) and a Motion requesting service by U.S. Marshal and discovery (ECF No. 24). He has also submitted various documents in support of these pending motions (ECF Nos. 20, 22, 28, 30, 32, 36, 38, 40).

## I. Motion to Proceed In Forma Pauperis ("IFP")

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his Inmate Statement Report and a prison certificate certified by a trust account official at his prison. (*See* ECF No. 13 at 5-8.) These statements show Plaintiff had an average monthly balance of $31.50 and average monthly deposits of $16.50 in his account over the 6-month period prior to the filing of his Complaint. (*See* ECF No. 13 at 6.) However, he had an available balance of zero at the time of filing. *Id.* Thus, the Court assesses Plaintiff's initial partial filing fee to be $6.30 pursuant to § 1915(b)(1), but acknowledges he may be unable to pay that minimal initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 13), but declines to exact any initial filing fee because his prison certificate indicates he may have "no means to pay it." *Bruce*, 136 S. Ct. at 629. The Court directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to

collect the entire $350 balance of the filing fees required by § 1914. *See id.* The Secretary shall then forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in § 1915(b)(1). *See id.*

**II.     Motion for Appointment of Counsel**

Plaintiff has filed a motion requesting an appointment of "learned counsel knowledgeable in multiple civil matters/lawsuits, seven or more depending on discovery." (ECF No. 26.) Plaintiff requests counsel be appointed to assist him because he is a "novice" and layman at law, has limited time in the law library, and "lack[s] … skill to operate a computer[.]" (ECF No. 26 at 1, ECF No. 32 at 10, ECF No. 36 at 1).

Plaintiff's pleadings are "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). "[A] pro se complaint, however inartfully pleaded," is held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't. of Social Services*, 452 U.S. 18, 25 (1981). While district courts have discretion to appoint counsel to represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id*. A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Based on these standards, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 26) without prejudice.  Plaintiff appears capable of articulating the factual basis for his unlawful search, false arrest, and perjured testimony claims. Nevertheless, there is no likelihood he can succeed on the merits of these claims because they are clearly untimely and fall within the "core of habeas corpus," not § 1983. *See Agyeman*, 390 F.3d at 1103; *Kimber v. Grant*, No. 316CV01472BENAGS, 2017 WL 902139, at *3 (S.D. Cal. Mar. 6, 2017) (finding no likelihood of success requiring

appointment of counsel pursuant to § 1915(e)(1) where face of complaint showed plaintiff's claims barred by statute of limitations); *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973) (history of the writ of habeas corpus makes clear that it "has been accepted as the specific instrument to obtain release from [unlawful] confinement."). Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel in this case. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

**III. Sua Sponte Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A**

A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-

5

unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

### B. Plaintiff's Allegations

Plaintiff contends Defendant Staples, a Detective at the San Diego County Sheriff's Department, conducted an "illegal" search and seizure of his personal property without a warrant, committed a "false arrest," fabricated and/or "orchestrated" false, defamatory, and misleading evidence against him, and "perjured herself" while acting "under color of authority" "in order to obtain [his] conviction" and "enhance[] [his] illegal sentence." (ECF No. 1 at 3.) Plaintiff requests no monetary damages. Instead, he seeks to "reverse the conviction" and to be "immediately discharged … from custody." (*Id.* at 3-4.)

### C. Statute of Limitations

Plaintiff's claims first arose "on or about November 15, 1988." (ECF No. 1 at 3.) "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Because § 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations was one year. *Id.* Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing Cal. Civ. Proc. Code § 335.1).

The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)). Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. Cal. Civ. Proc. Code § 352.1(a). Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year

limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. In other words, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955.

In this case, the alleged "wrongful acts" that caused harm to Plaintiff occurred more than 28 years before Plaintiff filed his Complaint in this action. Therefore, Plaintiff's claims are far outside California's statute of limitations—even including all presumed periods of tolling provided by statute or pending exhaustion of any administrative remedies. *Wallace*, 591 U.S. at 391; *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (stating "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a)).

Specifically, Plaintiff claims Detective Stables falsely arrested him, fabricated evidence against him, and lied under oath during the criminal trial and conviction following his arrest in November 1988. (ECF No. 1 at 3.) Therefore, Plaintiff had "reason to know" of his injury more than two decades ago, yet did not file this case until December 19, 2016. *See Maldonado*, 370 F.3d at 955.

Finally, Plaintiff's claims could be considered timely if he alleged facts sufficient to show the limitations period may be equitably tolled. *See Cervantes*, 5 F.3d at 1276–77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914. Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) defendants must not

7

3:16-cv-03051-DMS-NLS

be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978).

As currently pleaded, Plaintiff has failed to allege facts to support any plausible claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277. Accordingly, Plaintiff's claims against Defendant Stables are barred by the statute of limitations. Plaintiff's Complaint is therefore dismissed for failing to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Lopez*, 203 F.3d at 1126–27.

### D. Validity of Conviction

Plaintiff seeks to "reverse his conviction" and to be "released from custody" as a result of Defendant Stables's actions. (ECF No. 1 at 3-4.) Even if his claims were timely, Plaintiff cannot proceed pursuant to § 1983, because "[s]uits challenging the validity of [a] prisoner's continued incarceration lie within 'the heart of habeas corpus.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser*, 411 U.S. at 489–99) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court). "'[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Id.*; *see also Nettles v. Grounds*, 830 F.3d 922, 928 (9th Cir. 2016) (en banc) ("[C]laims … which would … result[] in immediate release if successful, f[a]ll within the core of habeas corpus and therefore [must] be brought, if at all, in habeas.") (citing *Preiser*, 411 U.S. at 487).

### E. Leave to Amend

Finally, while the Court typically grants pro se plaintiffs leave to amend, doing so under the present circumstances would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Amendment is futile because Plaintiff's previous attempts at invalidating his conviction

8
3:16-cv-03051-DMS-NLS

have all proven unavailing. *See Nettles*, 830 F.3d at 928-29 (noting that plaintiff may not bring a § 1983 action that "'necessarily require[s] [him] to prove the unlawfulness of his conviction'" unless he can "first … prove that the conviction … was eliminated, including 'by a federal court's issuance of a writ of habeas corpus.'") (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

A court may take judicial notice of its own records, *see Molus v. Swan*, No. CIV 05CV452-MMA WMC, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Thus, the Court takes judicial notice of its own records in *Adams v. Evans, et al.*, Civil Case No. 3:09-cv-01123-BEN-RBB (S.D. Cal. 2009), wherein Plaintiff filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge the validity of the same state court conviction at issue in this case. This petition, filed approximately 20 years after he was convicted, was dismissed as untimely. *See id.* ECF Nos. 1, 12, 13. The Court also takes judicial notice of docket proceedings before the California Court of Appeals, District 4, Division 1, in *In re Ezra John Adams*, D053086, where Plaintiff filed another state habeas petition challenging the same conviction at issue. This petition was also denied. *See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=1369135&doc_no=D053086 (last visited May 4, 2017).

Because Plaintiff would be unable to allege facts showing that his claims are timely or that the underlying conviction has been invalidated, amendment of the complaint would be futile. *See Lopez*, 203 F.3d at 1127; *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (noting that leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted). Consequently, the Court DENIES Plaintiff's remaining Motion for United States Marshal Service and Discovery (ECF No. 24) as moot.

9

3:16-cv-03051-DMS-NLS

## IV. Conclusion and Order

For all the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 13);

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income. The Secretary shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10. ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4) **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 26);

5) **DISMISSES** this action without leave to amend;

6) **DENIES** Plaintiff's Motion for United States Marshal Service and Discovery (ECF No. 24) as moot; and

7) **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 11, 2017

Hon. Dana M. Sabraw
United States District Judge